IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RODNEY STANTON,**

    Plaintiff,

**v.**                                          No. 18-cv-399-DRH-RJD

**WEXFORD HEALTH SOURCE, INC.,**
**et al.,**

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly on October 5, 2018 (doc. 29). The Report recommends that the District Court grant defendant Brown's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (doc. 26). Specifically, defendant Christine Brown, who plaintiff is proceeding on Count 1 against for deliberate indifference to a serious medical need involving plaintiff's pacemaker and chest pain associated therewith, filed a summary judgment motion asserting that plaintiff failed to exhaust his administrative remedies prior to filing this pending lawsuit. *Id.* Plaintiff did not file a response.

The grievance at issue contained in the records of the Administrative Review Board ("ARB") was allegedly submitted on February 3, 2018. Plaintiff stated his pacemaker was not properly being maintained and requested he receive

1

appropriate medical care and to be released. However, there is no indication that the grievance was received by staff at Pickneyville Correctional Center, where plaintiff is being housed. Instead the grievance was received on July 12, 2018 by the ARB with a letter claiming that plaintiff submitted the grievance to the Pickneyville Warden but never received a response.

Under 42 U.S.C. § 1997(e), a prisoner must exhaust available administrative remedies prior to filing any lawsuit in federal court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Based on the facts, Judge Daly found that defendant is entitled to summary judgment on the issue of exhaustion, as even if plaintiff properly submitted the February 3, 2018 grievance, it is impossible for plaintiff to have fully exhausted his administrative remedies only 11 days later when he filed suit on February 14, 2018. Doc. 29 at 5. Further, the letter to the ARB does not serve to exhaust plaintiff's remedies as exhaustion is a requirement prior to filing suit. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[T]he district court lacks discretion to resolve the claim on the merits, even if the prisoner exhaust intra-prison remedies before judgment.").

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may

> also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id*.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. To date, none of the parties filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (doc. 29) in its entirety based on the analysis conducted by Magistrate Judge Daly and laid out briefly above. The undersigned is not left with any firm conviction that a mistake has been made; rather, the magistrate properly analyzed the facts and applied the law. Thus, defendant Brown's Motion for Summary Judgment (doc. 26) is **GRANTED**

and plaintiff's claims against Defendant Brown are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Judge Herndon
2018.10.29
16:40:30 -05'00'

**United States District Judge**